EASTERN DIST.
March, 1838.

GRAVIER'S CURATOR *vs.* CARRABY'S EXECUTOR.

GRAVIER'S
CURATOR
*vs.*
CARRABY'S EXR.

.APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

The sheriff cannot be compelled to amend his return. So, the court will not require him on a rule to show cause, to amend and state at whose instance he served certain notices of judgment.

The plaintiff recovered a judgment against the defendant, as testamentary executor of Antoine Carraby, in the sum of twenty-two thousand nine hundred and twenty dollars, and issued notice of judgment which was served by the sheriff.

The judgment was signed the 20th February, 1837, and on the 21st the sheriff returned that he had " served a copy of the judgment on the defendant in person."

On the 24th of the same month, the defendant's counsel took a rule on the sheriff, to show cause why he should not' amend his return, so as to show at whose instance and request the service or notification of judgment was made to the defendant.

On hearing the rule it was discharged by the judge of probates, and the defendant appealed. ·

*D. Seghers,* for the appellant, stated, that the plaintiff had in fact appealed, and after the notice of judgment was served on the defendant, and he wanted the fact to appear officially by the return of the sheriff, that he caused a notice of judgment to be served, and then appealed from his own judgment.

2. The plaintiff cannot appeal from a judgment in his favor, when he acquiesced in it by voluntarily executing in notifying the defendant. *Code of Practice, article* 567.

3. If the party having a judgment in his favor does any act towards a voluntary acquiescence and execution of it, he will be considered coming within the provisions of the Code of Practice, etc. 1 *Louisiana Reports,* 296.

EASTERN DIST.
*March*, 1838.

GRAVIER'S
CURATOR
*vs.*
CARRABY'S EXR.
4. The sheriff's return should be amended, so as to show officially the fact, that the plaintiff has proceeded voluntarily to execute his judgment, which precludes an appeal. He cannot avail himself even of his right to have it amended as appellee. *Code of Practice,* 888.

*Denis* and *L. Janin, contra.*

*Bullard, J.,* delivered the opinion of the court.

This is an appeal from a judgment of the Court of Probates, upon a rule taken upon the sheriff, to show cause why he should not amend his return to a service of a notice of judgment, so as to show at whose instance and request it was made.

The points filed by the counsel for the appellant, appear to us to have no application to this case, but to another appeal from the final judgment rendered in the case to which it refers. He contends that the plaintiff has lost his right of appeal in that case, by acquiescing in the judgment rendered, and the object of this rule was to show his acquiescence by showing, that he procured a notice of judgment to issue and to be served.

The sheriff cannot be compelled to amend his return. So, the court will not require him, on a rule to show cause, to amend, and state at whose instance he served certain notices of judgment.
The court on the trial of this rule did not, in our opinion, err, in refusing to inquire at whose request the service of notice of judgment was made. The sheriff cannot be compelled to amend his return, and the plaintiff who has recovered a judgment, may well give notice of it to his adversary, in order to hasten a suspensive appeal on *his* part, inasmuch as upon such an appeal the appellee might procure an amendment of the judgment in his favor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.